SCANNED at WVCF and Emailed on
1-25-21 by JG - 24 pages.
(date) (initials) (num)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

ANTONIO HANDELY,
    *Plaintiff,*

vs.

WEXFORD MED. SERVICES.,
DR. NAVEEN RAJOLI, MD.,
DR. DENNIS LEWTON, OD.,
DR. MICHAEL MITCHEFF, RMD, MD.,
DR. DUAN PEARCE, RMD, MD.,
NURSE AMY WRIGHT, RN.,
NURSE McDONALD,* MRC,
(* known only as)
    *Defendants,*

No.: 2:21-cv-00058-JPH-DLP

**FILED**
**01/25/2021**
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

## PRISONER COMPLAINT PURSUANT TO 42 U.S.C. § 1983 AND JURY TRIAL DEMAND

Comes now Plaintiff, Antonio Handley, *pro se*, to present the following Civil Complaint with the alleged claims for compensatory and declaratory relief; and sets grounds in demand for jury trial. Accordingly, the Plaintiff states the following facts in support of this complaint, to wit:

### I. PARTIES

The names and addresses of each plaintiff and defendant are as follows:

A. Plaintiff: **ANTONIO HANDLEY**

    Identification Number: **IDOC #998126**
    Address: **Wabash Valley Correctional Facility, 6908 S. Old U.S. Hwy 41; P.O. Box 1111, Carlisle, IN 47838**

B. Defendants:

    Name: **WEXFORD MEDICAL SERVICES**
    Title: **Contracted Medical Services Provider (IDOC)**

Prisoner Civil Complaint: 42 U.S.C. § 1983, and Demand for Jury Trial
Plaintiff, Antonio Handley, *pro se*

    Address: 9245 N. Meridian Street, Indianapolis, IN 46260

    Name: **Dr. NAVEEN RAJOLI, MD**
    Title: WVCF Physician
    Address: 6908 S. Old Hwy 41, P.O. Box 500, Carlisle, IN 47838

    Name: **Dr. DENNIS LEWTON, OD**
    Title: Contracting Optometrist (W.V.C.F.)
    Address: 6908 S. Old Hwy 41. P.O. Box 500, Carlisle, IN 47838

    Name: **Dr. MICHAEL MITCHEFF, MD**
    Title: Wexford Regional Medical Director
    Address: 302 W. Washington St., Indianapolis, IN 46204

    Name: **Dr. DUAN PEARCE, MD**
    Title: Wexford Regional Medical Director
    Address: 302 W. Washington St., Indianapolis, IN 46204

    Name: **NURSE AMY WRIGHT, RN.**
    Title: WVCF Director of Nursing
    Address: 6908 S. Old Hwy 41, P.O. Box 500, Carlisle, IN 47838

    Name: **NURSE "McDONALD" (known only as), MRC.**
    Title: WVCF Nurse
    Address: 6908 S. Old Hwy 41, P.O. Box 500, Carlisle, IN 47838

## II. STATEMENT OF JURISDICTION

Jurisdiction in this case is authorized pursuant to the Constitution of the United States of America, and Title 42 U.S.C. Section 1983, to redress the alleged violations of those rights secured by said constitution as deprived by defendants, named herein, acting under the color of State law, and in accordance with the policies and procedures of the Indiana Department of Correction's medical service provider, WEXFORD of

2

Prisoner Civil Complaint: 42 U.S.C. § 1983, and Demand for Jury Trial
Plaintiff, Antonio Handley, *pro se*

Indiana, LLC. This Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 1331, 1343(a)(3).

The United States District Court for the Southern District of Indiana is the appropriate venue for trial pursuant to 28 U.S.C. § 1391(b)(2) as all events of this case took place at the Wabash Valley Correctional Facility for the Indiana Dep't of Correction which is located in the Southern District.

### III. CAUSE OF ACTION

**Ground 1:** The Plaintiff's Eighth Amendment rights were violated, through WEXFORD of Indiana's policies, where the defendants in their personal, individual, and collective capacities demonstrated deliberate indifference to the plaintiff's serious medical need, to wit: cataracts, when they denied the plaintiff further medical evaluation and diagnostics, by an off-site specialist ophthalmologist after his advancing cataracts were diagnosed as requiring said consultation. *Estelle v. Gamble*, 429 U.S. 97 (1976). *See e.g., Roe v. Elyea*, 631 F.3d 843, 858 (7th Cir. 2011). Thus, plaintiff's health was placed at a substantial risk of harm, to wit: the potential for total blindness.

**Ground 2:** The Plaintiff's Eighth Amendment right to adequate medical care was violated where the defendants in their personal, individual, and collective capacities acted with deliberate indifference to plaintiff's serious medical need, to wit: cataracts, where plaintiff was denied corrective surgery, due to WEXFORD of Indiana's policies. *See e.g., Barrow v. Wexford Health Sources, Inc.*, 2017 U.S. Dist. LEXIS 69136, *10, 30-32 (S.D. Ill., May 5, 2017). These actions placed the plaintiff's health in substantial risk, *Estelle v. Gamble*, 429 U.S. 97 (1976), because it allowed Plaintiff's cataracts to continue to

3

Prisoner Civil Complaint: 42 U.S.C. § 1983, and Demand for Jury Trial
Plaintiff, Antonio Handley, *pro se*

deteriorate and spread – causing further pain and suffering. *See e.g., Foster v. Ghosh*, 4 F. Supp. 3d 974 (N.D. Ill. 2013); *Cobbs v. Pramstaller*, 475 F. Appx. 575, 576 (6th Cir. 2012).

## IV. STATEMENT OF FACTS

1. Handley, at all times relevant to this action, has been incarcerated in the Indiana Department of Correction ("IDOC") since 2014.

2. During which time, Handley began to notice a rapid decrease in the vision of his right eye.

3. On or about February 19th 2020, Handley filled out a facility health care request form ("HCRF") stating that he "noticed a significant change in [his] vision[,]" and that his "right eye is very foggy." HCRF #409950.

4. On February 24th 2020, Handley was referred to the eye doctor with an appointment to be scheduled.

5. On February 21st 2020, Handley was see by the facility physician, Defendant, Dr. Naveen Rajoli (HCRF #443100). During that visit, Handley was advised, again, that he had been referred to the optometrist.

6. On or about March 4th 2020, Handley was examined by the subcontracted optometrist, Defendant, Dr. Dennis Lewton. Handley discussed his progressively worsening vision and the subsequent issues associated with the increased strain on his eyes (i.e., migraine headaches – causing nausea, eye pain, and ocular fatigue). During this visit, Dr. Lewton diagnosed Handley with cataracts and advised that he would be recommending that Handley be seen by an off-site ophthalmologist.

4

Prisoner Civil Complaint: 42 U.S.C. § 1983, and Demand for Jury Trial
Plaintiff, Antonio Handley, *pro se*

    **7.** On March 18th 2020, Handley filled out another healthcare request seeking status of his off-site, specialist consult (HCRF #495304). In response, on March 20th 2020, Handley was advised by Director of Nursing, Defendant, Nurse Amy Wright, that his consultation had not been approved because he "did not currently meet the criteria." Wright further advised Handley that his condition would be "monitored" by Dr. Lewton.[1] (*Id.*)

    **8.** On March 23rd 2020, Handley filled out a health care request advising that Dr. Lewton had warned that his cataracts *could* cause blindness *if* left untreated and that Lewton, himself, had diagnosed Handley's cataracts as <u>requiring</u> an additional, off-site specialist consult (HCRF #409904). In response, Nurse Wright advised Handley that his concerns had been "previously answered," that he "did not meet criteria," and that his condition would be "monitored" on site. (*Id.*) Wright also advised Handley that he had been placed on an alternative treatment plan. (*Id.*).[2]

---

[1] Wexford appears to have a policy which provides that an inmate with cataracts must have at least 20/60 vision or worse before they may be approved for an outside consult, or receive corrective surgery. *See e.g., Barrow v. Wexford Health Sources, Inc.*, 2017 U.S. App. LEXIS 69136, *10, *30-31 (S.D. Ill., May 5, 2017).

[2] Wexford's policy, when dealing with chronic health issues, is to employ what is known as an Alternative Treatment Plan ("ATP"). These ATP's are utilized as a way of foregoing proper care of a chronic issue while appearing to be consistent in their continuing care efforts. Realistically, however, this allows staff to provide substandard and inhumane care – incentivized by monetary dividends – instead of rendering appropriate, adequate and/or necessary treatments for debilitating serious medical needs. In this instance, Handley's untreated cataracts place him at a substantial risk of serious injury in that their continued "monitoring" without correction can irreparably lead to total blindness.

Prisoner Civil Complaint: 42 U.S.C. § 1983, and Demand for Jury Trial
Plaintiff, Antonio Handley, *pro se*

9. It was during this time that Handley observed that the vision in his left eye was, also, beginning to become blurry.

10. On April 20th 2020, Handley filled out a health care request stating that the issues with the cataracts in his right were, subsequently, causing his left eye to overcompensate. As a result of this, Handley asserted that he was beginning to suffer "severe migraine headaches," which were "affecting [his] daily routines and activities" (HCRF #495449). Handley was advised Defendant, Nurse McDonald, that he was "scheduled to see the optometrist in May," but no further treatment was subsequently provided.[3]

11. Due to his ongoing issues, on July 31st 2020, Handley filled out another health care request essentially pleading with the Defendants that his cataracts were making him "partially blind," and he was continuing to experience "severe migraine headaches and dizziness" (HCRF #412476). In August, Nurse McDonald advised Handley that he, again, was "scheduled [to be seen] next month." (*Id.*). Yet again, no further treatment was provided despite Handley's worsening condition.

12. To date, Handley has received no off-site consult with a specialist ophthalmologist, no corrective surgery to alleviate his advancing cataracts, and has been subjected to continued pain and suffering in the form of headaches, nausea, dizziness, and the continuing fear of potential, total blindness. All of which has been enacted by the acts or omissions of the defendants in their personal, individual, and/or

---

[3] Handley attempted to rectify these concerns through IDOC's administrative grievance process. Those efforts will be discussed, collectively, in the next section of this complaint.

6

Prisoner Civil Complaint: 42 U.S.C. § 1983, and Demand for Jury Trial
Plaintiff, Antonio Handley, *pro se*

collective capacities. It should be noted that Handley's cataracts have continued to diminish his vision – which is now alleged to be 20/70 or worse in his right eye, and approximately 20/60 in his left eye.

## V. ADMINISTRATIVE REMEMDIES (EXHAUSTED)

Although this is an affirmative defense to be asserted by the defendants, the Plaintiff makes a *prima facie* showing that he has exhausted his administrative remedies in accordance with *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). In this instance, the Indiana Dep't. of Corrections' administrative grievance policy and procedures. Accordingly, the plaintiff provides the procedural history in relevant part, to wit:

**A.** On or about March 23rd 2020, Handley filed an "informal grievance" in the virtue of a facility health care request (HCRF #409904) in which he argued that the facility's contracted optometrist, Defendant, Dr. Lewton, had diagnosed his cataracts and recommended further diagnostics with an off-site specialist. Defendant, Nurse Wright responded on March 24th 2020, essentially dismissing his complaint on the basis that Handley's concerns had been "previously addressed," that he was being seen in accordance with an alternative treatment plan, and that he "d[id] not meet the criterial" for an off-site visit.

On March 31st 2020, Handley filed a formal grievance[4] asserting that the cataracts were "disrupting [his] daily activities" and were causing "severe migraine headaches." Handley requested that his cataracts be "removed" and that he receive "adequate

---

[4] IDOC's formal grievance is identified as State Form 45471.

7

Prisoner Civil Complaint: 42 U.S.C. § 1983, and Demand for Jury Trial
Plaintiff, Antonio Handley, *pro se*

medical treatment hereafter." However, on April 2nd 2020, Handley's grievance was returned as being filed "late."

On April 6th 2020, Handley filed another formal grievance asserting that Defendant Wright's dismissal of his complaint was inappropriate, as he was continuing to suffer, and ran the risk of going "completely blind." Handley requested to have his cataract fixed or removed, and to receive "proper medical attention." Once again, though, Handley's grievance was deemed "out of time" on April 7th 2020. Thus, no administrative remedy is available for relief of this issue.

**B.** On or about April 16th 2020, Handley filed an additional grievance (identified as Case Log #112547) where he challenged the denial of his recommendation for an off-site ophthalmologist consultation.

On May 5th 2020, this grievance was returned as "denied" by non-defendant, Health Services Administrator, Nurse Kim Hobson. On May 18th 2020, Handley filed a grievance appeal[5] arguing that because Dr. Lewton had recommended a surgery consult the denial of that request, by Defendant, Dr. Michael Mitcheff (Wexford's Regional Medical Director) was subjecting Handley to unnecessary suffering and placed him in danger of going blind. On June 3rd 2020, Handley's appeal was denied by grievance specialist, M. Ellis.

On June 5th 2020, Handley returned the decision in disagreement, and a Level II review was conducted. On June 10th 2020, Handley's Level II appeal was denied by the

---

[5] IDOC's grievance appeal is identified as State Form 45473.

Prisoner Civil Complaint: 42 U.S.C. § 1983, and Demand for Jury Trial
Plaintiff, Antonio Handley, *pro se*

Offender Grievance Manager, Mr. I. Randolph, as the final reviewing authority. Thus, Handley's administrative remedies have been exhausted without relief.

## VI. RELIEF

Based on the forgoing, Plaintiff seeks the following damages and injunction relief pursuant to this action, to wit:

<u>Surgical Intervention:</u> corrective surgery for both of Plaintiff's eyes to remove the cataracts, continued monitoring, post-operative care, and prescription eyeglasses;

<u>Compensatory Damages:</u> no less than $25,000.00 from each defendant or a total award of $100,000.00 (whichever is greater); and

<u>Punitive Damages:</u> no less than $15,000.00 from each defendant or a total punitive amount of $100,000.00 (whichever is greater).

*Antonio Handley*
Antonio Handley, Plaintiff

### Affirmation

I, the plaintiff in the aforementioned cause, do hereby affirm that I have read all of the statements contained in this complaint and that I believe them to be true and correct to the best of my personal knowledge and belief.

Signed this 22 day of January, 2021.

*Antonio Handley*
Plaintiff

9

Prisoner Civil Complaint: 42 U.S.C. § 1983, and Demand for Jury Trial
Plaintiff, Antonio Handley, *pro se*

## CERTIFICATE OF SERVICE

The Undersigned affirms that he has placed the foregoing into the hands of his facility's law library staff to be electronically filed, using Indiana's Prion E-filing System, on this 22 day of January, 2021, and that the same was distributed to all parties in accordance with the Federal Rules of Civil Procedure.

*Antonio Handley*
Antonio Handley, Plaintiff
Wabash Valley Correction Facility
6908 S. Old U.S. Hwy 41, P.O. Box 1111
Carlisle, IN 47838-1111