UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANTONIO HANDLEY,        ) | |
| ) | |
| Plaintiff,        ) | |
| ) | |
| v.        ) | No. 2:21-cv-00058-JPH-DLP |
| ) | |
| WEXFORD MEDICAL SERVICES, et al.        ) | |
| ) | |
| Defendants.        ) | |

**ORDER SCREENING COMPLAINT, DISMISSING DEFICIENT CLAIMS,
AND DIRECTING ISSUANCE AND SERVICE OF PROCESS**

Plaintiff, Antonio Handley, filed this civil rights complaint alleging that the defendants were and continue to be deliberately indifferent to his serious medical condition: cataracts in both eyes.

### I.        Screening Standard

The Court must screen Mr. Handley's complaint, dismissing all claims that are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)-(c). To determine whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II.     The Complaint

Mr. Handley names seven defendants: (1) Wexford Health Sources, Inc.,[1] (2) Dr. Naveen Rajoli, (3) Dr. Dennis Lewton, (4) Dr. Michael Mitcheff, (5) Dr. Duan Pearce, (6) Nurse Amy Wright, and (7) Nurse McDonald. Wexford is a private company that contracts to perform medical services for Indiana Department of Correction facilities. Dr. Mitcheff is a Wexford regional medical director.

Mr. Handley alleges that in February 2020, he began to notice that vision in his right eye was becoming foggy. He filed a healthcare request form on February 19. On February 21, Dr. Rajoli advised Mr. Handley that he had been referred to an optometrist.

Dr. Lewton, an optometrist, treated Mr. Handley on March 4, 2020. Dr. Lewton diagnosed Mr. Handley with cataracts and recommended a surgical consultation with an outside specialist.

Mr. Handley submitted a healthcare request form on March 18, 2020, seeking an appointment with an outside specialist. Nurse Wright responded that the appointment was denied because Mr. Handley did not meet Wexford's criteria for such treatment. She further explained that Dr. Lewton would continue to monitor his condition.

Mr. Handley submitted another healthcare request form on March 23, 2020, again requesting to be treated by an outside specialist as Dr. Lewton had recommended. Nurse Wright again explained that Mr. Handley did not meet the criteria and informed him that he had been placed on an alternative treatment plan.

On April 20, 2020, Mr. Handley submitted another healthcare request form stating that vision in his left eye was deteriorating and that he was experiencing severe migraines. Nurse

---

[1] The complaint names "Wexford Medical Services." The Court construes the complaint as raising a claim against Wexford Health Sources, Inc., the company that contracts with the Indiana Department of Correction to provide medical services to inmates.

2

McDonald responded that Mr. Handley was scheduled to see the optometrist in May. No further treatment was provided.

On May 5, Mr. Handley filed a grievance asserting that Dr. Mitcheff had rejected the recommendation for an offsite surgical consultation.

On July 31, 2020, Mr. Handley submitted another healthcare request form again complaining about vision loss and migraines. Nurse McDonald responded in August that Mr. Handley was scheduled to be seen "next month." No further treatment was provided.

As of January 2021, Mr. Handley still had not seen an offsite specialist. Mr. Handley alleges that his vision has continued to deteriorate and that he still experiences headaches, nausea, and dizziness.

Mr. Handley alleges that Wexford maintains a policy or practice of not authorizing cataract surgery until a patient's vision is 20/60 or worse. He further alleges that Wexford maintains a policy or practice of providing ineffective alternative treatment plans when a patient's condition requires expensive treatment.

### III.   Discussion

#### A.   Claims to Proceed

Mr. Handley's claims against Dr. Dennis Lewton, Dr. Michael Mitcheff, Nurse Amy Wright, and Nurse McDonald **SHALL PROCEED** as claims of deliberate indifference to a serious medical need in violation of the Eighth Amendment.

Mr. Handley's claim against Wexford Health Sources, Inc., **SHALL PROCEED** as a claim that Wexford policies or practices violate the Eighth Amendment and caused a constitutional injury to Mr. Handley.

### B.      Claims to Be Dismissed

Mr. Handley's claim against Dr. Duan Pearce is **DISMISSED** for failure to state a claim upon which relief can be granted because the complaint includes no factual allegations involving Dr. Pearce. "Only someone personally responsible in a constitutional violation can be held liable under [42 U.S.C.] § 1983." *Wojcik v. Cook Cnty.*, 803 F. App'x 25, 27 (7th Cir. 2020) (citing *Wilson v. Warren Cnty., Ill.*, 830 F.3d 464, 469 (7th Cir. 2016)).

Mr. Handley's claims against Naveen Rajoli is also **DISMISSED** for failure to state a claim upon which relief can be granted.

To establish an Eighth Amendment claim for deliberate indifference to serious medical needs, "the plaintiff must prove that he suffered from '(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent.'" *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed [and] decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotations omitted).

Mr. Handley alleges that Dr. Rajoli referred him to an optometrist on February 21, 2020. This action does not show deliberate indifference, and Mr. Handley makes no further allegations regarding Dr. Rajoli.

### IV.     Issuance and Service of Process

The **clerk is directed** to terminate Dr. Naveen Rajoli and Dr. Duan Pearce as defendants on the docket.

4

The **clerk is directed** to update the name of defendant "Wexford Medical Services" to "Wexford Health Sources, Inc."

The **clerk is directed** to issue process to defendants Wexford Health Sources, Inc., Dr. Dennis Lewton, Dr. Michael Mitcheff, Nurse Amy Wright, and Nurse McDonald. Dr. Lewton, Dr. Mitcheff, Nurse Wright, and Nurse McDonald are identified as employees of Wexford Health Sources, Inc. Wexford is **ORDERED** to provide the full name and last known address of any individual defendant who does not waive service if they have such information. This information may be provided to the Court informally or may be filed *ex parte*.

**SO ORDERED.**

Date: 5/11/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ANTONIO HANDLEY
998126
WABASH VALLEY – Correctional Facility
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Dr. Dennis Lewton
Medical Staff
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Dr. Michael Mitcheff
Medical Staff
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Nurse Amy Wright
Medical Staff
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Nurse McDonald
Medical Staff
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Electronic service to:

>Wexford Health Sources, Inc.